IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| TEKLU DAWIT, | ) | |
| | ) | No. 3:20-cv-00624 |
| | ) | |
| v. | ) | Judge Richardson |
| | ) | Magistrate Judge Holmes |
| | ) | |
| MEHARRY MEDICAL COLLEGE, | ) | JURY DEMAND |

## REVISED CASE MANAGEMENT ORDER

A case management conference was held on December 11, 2024. Counsel participating were: Perry Craft for Plaintiff and Mark Baugh and Jennifer Cook for Defendant. From the parties' proposed revised case management order (Docket No. 63) and discussion during the case management conference, and pursuant to Local Rule 16.01, the case management schedule and plan is revised as follows:

D. ISSUES STILL IN DISPUTE: The issues still in dispute are identified in the Court's Order (Docket No. 51) on Defendant's Motion for Summary Judgment:

> Defendant's Motion is granted as to Plaintiff's claim for negligent misrepresentation and also as to Plaintiff's failure-to- accommodate claim to the extent that that claim is based on anything other than a failure to allow a fourth attempt at the Step 1 exam, and Defendant's Motion is denied in all other respects. The case will proceed to trial on Plaintiff's remaining claims.

(*Id*. at 1.)

I. DISCLOSURE AND DEPOSITIONS OF EXPERTS: Plaintiff must identify and disclose all expert witnesses and expert reports by **January 31, 2025**. Deposition of Plaintiff's expert(s) must be completed by no later than **March 24, 2025**. Defendant must identify and disclose all expert witnesses and reports on or before **February 28, 2025**. Deposition of Defendant's expert(s) must be completed by no later than **April 7, 2025**. Rebuttal experts and

reports shall be permitted only as to issues newly raised by Defendant's expert(s) that were not previously addressed by Plaintiff's expert(s) and only by leave of court upon motion, which must be filed **within 7 days** of the date Defendant's expert's deposition and by no later than **April 14, 2025**. The motion for leave for a rebuttal expert must be filed and briefed in accordance with Local Rule 7.01, except that: (i) any response in opposition to the motion must be filed **within 7 days** of the filing of the motion and any optional reply must be filed **within 3 business days** of the filing of the response and (ii) briefs or memoranda of law in support of or in opposition to the motion are limited to 10 pages and the optional reply is limited to 3 pages. Deposition of any permitted rebuttal expert must be completed by **May 9, 2025**. **In retention of experts, the parties must confirm their respective experts' availability within this schedule.**

Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)(C).

Any expert discovery disputes – other than *Daubert*-type disputes and disputes over use of experts at trial, which must be addressed by a motion in limine – must be resolved in accordance with the discovery dispute resolution procedures in effect in this case and all expert discovery disputes must be brought to the Court's attention by no later than **May 9, 2025**.

N. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The **JURY** trial of this action is expected to last **approximately 3 to 4 days**. A trial date no earlier than **June 10, 2026** is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Richardson.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge